## SMITH v. WESTOVER, Collector of Internal Revenue.

### No. 12588.

United States Court of Appeals
Ninth Circuit.

Oct. 10, 1951.

John Moore Robinson, Robert M. Himrod, Los Angeles, Cal., for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Irving I. Axelrad and Virginia Adams, Sp. Assts. to the Atty. Gen., Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Assts., all of Los Angeles, Cal., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in favor of the appellee Collector in an action brought by appellant for the recovery of a portion of the income tax paid by her for the taxable year 1944. The facts are adequately stated in the opinion of the District Court, Smith v. Westover, 89 F.Supp. 432, and need not be repeated here.

Upon presentation of the appeal primary emphasis was laid upon appellant's contention that Internal Revenue Code, Sec. 162 (d) (1), 26 U.S.C.A. § 162(d) (1), held controlling by the trial Court and to require payment by the appellant of the taxes here in question, cannot apply in the instant case for the reason that the testamentary trust here involved had no "distributable income" within the meaning of that section.[1] Appellant says that in this case there

---

1. The first sentence of the portion of the section referred to reads as follows:

"In cases where the amount paid, credited, or to be distributed can be paid,

was no "distributable income" for the reason that the will required that the net income received shall be "immediately added to the principal or corpus of the said trust". Thus, appellant says, the income was not "distributable" for the reason that it was to be added to the corpus rather than distributed to the beneficiary. We think this contention is not tenable for the reason that the same paragraph defines the term "distributable income" in a manner which requires the net income of this particular trust to be regarded as distributable income for the purposes of this paragraph. The definition is as follows: "For the purposes of this paragraph 'distributable income' means either (A) the net income of the estate or trust computed with the deductions allowed under subsections (b) and (c) in cases to which this paragraph does not apply, or (B) the income of the estate or trust minus the deductions provided in subsections (b) and (c) in cases to which this paragraph does not apply, whichever is the greater." In effect this means that if the estate or trust has net income there is "distributable income" within the meaning of the section. Admittedly this trust had net income in the year in question in excess of $24,000 and the sum distributed to the appellant for that year was slightly in excess of $18,000. We think therefore that the language of the section referred to expressly required the appellant to pay the tax as the District Court held.

Appellant also contends in this court that to construe the section in question to require appellant to pay this tax would amount to giving the section an unconstitutional application. It is argued that since the amount paid to appellant was an annual payment of a certain percent of the corpus of the trust, the sum which she received was not income within the meaning of the Sixteenth Amendment.

Assuming that this argument, which apparently was not urged in the court below, may be presented here, we think it is without validity. The contention proceeds on the assumption that the power of Congress is limited by the nomenclature used by the testator. Both parties agree that in the year in question the trust received net income. To say that Congress was without power to prescribe that a portion of that income should be taxed to the appellant beneficiary is manifestly untenable.

The judgment of the District Court was right and is affirmed.

credited, or distributed out of other than income, the amount paid, credited, or to be distributed (except under a gift, bequest, devise, or inheritance not to be paid, credited, or distributed at intervals) during the taxable year of the estate or trust shall be considered as income of the estate or trust which is paid, credited, or to be distributed if the aggregate of such amount so paid, credited, or to be distributed does not exceed the distributable income of the estate or trust for its taxable year."